# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BRIAN CUFFIE,**
    **Petitioner,**

  **v.**              **Case No. 09-C-1064**

**WISCONSIN RESOURCE CENTER,**
    **Respondent.**

---

## ORDER

Pro se petitioner Brian Cuffie, who is presently being held at the Wisconsin Resource Center pursuant to a civil commitment based on mental illness, seeks a writ of habeas corpus. He alleges that the committing court violated a number of his constitutional rights. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that petitioner has exhausted state remedies, that there is no available state corrective process, or that circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim,

a petitioner must give the state courts a full and fair opportunity to review it. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A petition for a writ of habeas corpus should be dismissed if state remedies have not been exhausted. Rose v. Lundy, 455 U.S. 509 (1982); Cruz v. Warden of Dwight Correctional Ctr., 907 F.2d 665, 667 (7th Cir. 1990).

In the present case, petitioner has not attempted to exhaust state court remedies. He did not appeal the order committing him nor has he sought any kind of post-commitment review. He provides no explanation for failing to seek post-commitment review. Thus, I will dismiss his petition without prejudice to enable him to exhaust any available state court remedies.

**THEREFORE, IT IS ORDERED** that pursuant to Rule 4 of the Rules Governing § 2254 Cases, petitioner's petition for habeas corpus is **DISMISSED WITHOUT PREJUDICE.**.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin this 20 day of November, 2009.

/s_____
LYNN ADELMAN
District Judge

2